Seawell, J.
delivered the Opinion of the Court:
THE Complainant files hrs' bill in the Court of Equity of Rowan County, stating that he has a right to a ferry orí the Yadkin River, and that the Defendants had attempted to obtain a ferry on the same river,- near the Complainant’s, by a petition to the County Court; and that upon the determination of this Court against the Petitioners^ they have continued to set over persons, horses and car* riages, toll free, by which the Complainant is injured in’ the loss of profits. The bill then charges, that the Complainant has commenced his action at L’aw, and prays an Injunction. To this bill is the affidavit of Complainant, verifying, the charges set forth in the bill; whereupon ths Court grants the Injunction, and from which the Defendants appeal to this Court- And the first necessary enquiry ⅛, whether the case made by the Complainant is, if true, such a one as requires the assistance of a Court of Equity l And here, I think it may be safely laid down as as *113 general rule, that a Court of Equity will interpose in no case where the ordinary rules of Law afford a complete and adequate relief; for the very end of the institution of á Court of Equity is, to supply the deficiencies of the Law.
The ground which the Complainant makes for coming into this Court, is, the loss of profits-, but no difficulty in obtaining that loss is stated in the bill—and though we may suppose it probable, that there may bé some in ascertaining the number of persons set over, yet the Complainant dot s not allege it, ór seek to discover it, but simply prays an Injunction against setting over any others. As, therefore, the only injury or inconvenience which he alleges, is one which his action at Law is completely capable of encountering and giving relief against, by adequate damages, for aught he alleges, I see no reason for the interference of this Court: For it cannot be said to be essential to the relief or assistance of the Complainant, that this Court should award the Injunction prayed for. When I say adequate relief, I mean repairing the injury complained of, by placing the party in statu quo. And the many cases cited by the Complainant’s Counsel, in which Injunctions were allowed, all went upon the ground, that a suit at Law would not restore the party to his loss, but could only give him money in lieu thereof. If, therefore, the Complainant had exhibited his own title, and had complained of a conduct in the Defendants, which, if true, ■was both . a damnum injuria, I should still have thought, from the case made by the bill, there was no necessity for his calling upon a Court of Equity.
It is not necessary to give any opinion upon the othér points raised in the argument, being clearly against tho Complainant upon the first. 1